Andre K. Cizmarik
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Harmon Stores, Inc.
750 Lexington Avenue
New York, NY 10022
(212) 308-4411

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOROCCANOIL, INC., a California corporation, and MOROCCANOIL ISRAEL, LTD., an Israeli limited company,<br><br>        Plaintiffs,<br><br>   -against-<br><br>HARMON STORES, INC., a New Jersey Corporation; and DOES 1 through 10 inclusive,<br><br>        Defendants.<br><br>HARMON STORES, INC.,<br><br>        Third Party Plaintiff,<br><br>   -against-<br><br>ROBELL GROUP, LLC, D.L.R. DISTRIBUTION, INC. and PRO HAIR SALES, INC.,<br><br>        Third Party Defendants. | Civil Action No. 2:10-cv-06016<br><br><br>**ANSWER AND<br>THIRD PARTY COMPLAINT** |

      Defendant Harmon Stores, Inc. ("Harmon") by its attorneys, Edwards Angell Palmer & Dodge LLP, hereby responds to the Complaint as follows:

      1.    Paragraph 1 of the Complaint asserts conclusions of law to which no response is required. To the extent that a response is required, Harmon denies the allegations of paragraph 1 of the Complaint.

2.      Paragraph 2 of the Complaint asserts conclusions of law to which no response is required.  To the extent that a response is required, Harmon denies the allegations of paragraph 2 of the Complaint.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint.

6.      Denies the allegations of paragraph 6 of the Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint.

9.      Denies the allegations of paragraph 9 of the Complaint, except admits the allegations of the second sentence of paragraph 9 of the complaint and admits that Harmon has its principal place of business in Union, New Jersey and operates a website at www.harmondiscount.com where Harmon sells merchandise to Internet consumers, but avers that it never sold any Moroccanoil over the website or to anyone in California.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint.

13.     Denies the allegations of paragraph 13 of the Complaint.

14.     Denies the allegations of paragraph 14 of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint.

17.     Paragraph 17 of the Complaint asserts conclusions of law to which no response is required.  To the extent that a response is required, Harmon denies the allegations of paragraph 17 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint.

19.     Paragraph 19 of the Complaint asserts conclusions of law to which no response is required.  To the extent that a response is required, Harmon denies the allegations of paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint, except avers that the final sentence of paragraph 23 asserts conclusions of law to which no response is required.  To the extent that a response is required, Harmon denies such allegations.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint.

25.     Denies the allegations of paragraph 25 of the Complaint.

26.     Denies the allegations of paragraph 26 of the Complaint.

27.     Denies the allegations of paragraph 27 of the Complaint.

28.     Denies the allegations of paragraph 28 of the Complaint.

29.     Denies the allegations of paragraph 29 of the Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint, except that the second sentence thereof is denied.

## FIRST CLAIM FOR RELIEF
## TRADEMARK COUNTERFEITING
## AND INFRINGEMENT
## (15 U.S.C. § 1114)
## AGAINST ALL DEFENDANTS

31.     Harmon's responses to paragraphs 1-30 are realleged and incorporated by reference as if set forth in full.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint.

33.     Denies the allegations of paragraph 33 of the Complaint.

34.     Denies the allegations of paragraph 34 of the Complaint.

35.     Denies the allegations of paragraph 35 of the Complaint.

36.     Denies the allegations of paragraph 36 of the Complaint.

37.     Denies the allegations of paragraph 37 of the Complaint.

38.     Denies the allegations of paragraph 38 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**FALSE DESIGNATION OF ORIGIN**
**AND FALSE REPRESENTATION**
**(15 U.S.C. § 1125(a))**
**AGAINST ALL DEFENDANTS**

39.     Harmon's responses to paragraphs 1-38 are realleged and incorporated by reference as if set forth in full.

40.     Denies the allegations of paragraph 40 of the Complaint.

41.     Denies the allegations of paragraph 41 of the Complaint.

42.     Denies the allegations of paragraph 42 of the Complaint.

43.     Denies the allegations of paragraph 43 of the Complaint.

44.     Denies the allegations of paragraph 44 of the Complaint.

45.     Denies the allegations of paragraph 45 of the Complaint.

**THIRD CLAIM FOR RELIEF**
**UNFAIR BUSINESS PRACTICES**
**(CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200)**
**AGAINST ALL DEFENDANTS**

46.     Harmon's responses to paragraphs 1-45 are realleged and incorporated by reference as if set forth in full.

47.     Denies the allegations of paragraph 47 of the Complaint.

48.     Denies the allegations of paragraph 48 of the Complaint.

49.     Denies the allegations of paragraph 49 of the Complaint.

50.     Denies the allegations of paragraph 50 of the Complaint.

51.     Denies the allegations of paragraph 51 of the Complaint.

**FOURTH CLAIM FOR RELIEF**
**COMMON LAW UNFAIR COMPETITION AND**
**CONSPIRACY TO UNFAIRLY COMPETE**
**AGAINST ALL DEFENDANTS**

52.     Harmon's responses to paragraphs 1-51 are realleged and incorporated by reference as if set forth in full.

53.     Denies the allegations of paragraph 53 of the Complaint.

54.     Denies the allegations of paragraph 54 of the Complaint.

55.     Denies the allegations of paragraph 55 of the Complaint.

56.     Denies the allegations of paragraph 56 of the Complaint.

57.     Denies the allegations of paragraph 57 of the Complaint.

58.     Denies the allegations of paragraph 58 of the Complaint.

**FIFTH CLAIM FOR RELIEF**
**INTENTIONAL INTERFERENCE WITH CONTRACT**
**AGAINST ALL DEFENDANTS**

59.     Harmon's responses to paragraphs 1-58 are realleged and incorporated by reference as if set forth in full.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 of the Complaint.

61.     Denies the allegations of paragraph 61 of the Complaint.

62.     Denies the allegations of paragraph 62 of the Complaint.

63.     Denies the allegations of paragraph 63 of the Complaint.

64.     Denies the allegations of paragraph 64 of the Complaint.

65.     Denies the allegations of paragraph 65 of the Complaint.

66.     Denies the allegations of paragraph 66 of the Complaint.

67.     Denies the allegations of paragraph 67 of the Complaint.

## SIXTH CLAIM FOR RELIEF
## NEGLIGENT INTERFERENCE WITH CONTRACT
## AGAINST ALL DEFENDANTS

68.     Harmon's responses to paragraphs 1-67 are realleged and incorporated by reference as if set forth in full.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 of the Complaint.

70.     Denies the allegations of paragraph 70 of the Complaint.

71.     Denies the allegations of paragraph 71 of the Complaint.

72.     Denies the allegations of paragraph 72 of the Complaint.

73.     Denies the allegations of paragraph 73 of the Complaint.

74.     Denies the allegations of paragraph 74 of the Complaint.

## SEVENTH CLAIM FOR RELIEF
## INTENTIONAL INTERFERENCE WITH
## PROSPECTIVE BUSINESS ADVANTAGE
## AGAINST ALL DEFENDANTS

75.     Harmon's responses to paragraphs 1-74 are realleged and incorporated by reference as if set forth in full.

76.     Denies the allegations of paragraph 76 of the Complaint.

77.     Denies the allegations of paragraph 77 of the Complaint.

78.     Denies the allegations of paragraph 78 of the Complaint.

79.     Denies the allegations of paragraph 79 of the Complaint.

80.     Denies the allegations of paragraph 80 of the Complaint.

81.     Denies the allegations of paragraph 81 of the Complaint.

**EIGHTH CLAIM FOR RELIEF**
**NEGLIGENT INTERFERENCE WITH**
**PROSPECTIVE BUSINESS ADVANTAGE**
**AGAINST ALL DEFENDANTS**

82.    Harmon's responses to paragraphs 1-81 are realleged and incorporated by reference as if set forth in full.

83.    Denies the allegations of paragraph 83 of the Complaint.

84.    Denies the allegations of paragraph 84 of the Complaint.

85.    Denies the allegations of paragraph 85 of the Complaint.

86.    Denies the allegations of paragraph 86 of the Complaint.

87.    Denies the allegations of paragraph 87 of the Complaint.

88.    Denies the allegations of paragraph 88 of the Complaint.

89.    Denies the allegations of paragraph 89 of the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim for Relief)**

90.    Plaintiffs' Complaint fails to state a claim upon which relief against Harmon may be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(License)**

91.    Plaintiffs' claim of trademark infringement is barred because, to the extent that Harmon made any use of Plaintiffs' Mark, such use was expressly or impliedly permitted.

**THIRD AFFIRMATIVE DEFENSE**
**(Estoppel, Waiver, Acquiescence, Unclean Hands and Laches)**

92.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of estoppel, waiver, acquiescence, unclean hands and/or laches.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

93.     Plaintiffs' claims are barred, in whole or in part because Plaintiffs failed to mitigate any purported damages.

## FIFTH AFFIRMATIVE DEFENSE
### (Intentional/Negligent Conduct)

94.     To the extent that Plaintiffs suffered damages as alleged in the Complaint, which Harmon specifically and expressly denies, such damages were caused by Plaintiffs' own intentional and/or negligent conduct.

## SIXTH AFFIRMATIVE DEFENSE
### (Contributory Conduct of Third Parties)

95.     If Plaintiffs suffered or sustained any loss, damages or injury as alleged in the Complaint, which Harmon specifically and expressly denies, then said loss, damages and/or injury was (were) proximately caused or contributed to by the actions of individuals and/or entities other than Harmon.  Plaintiffs' recovery against Harmon, if any, should be reduced accordingly.

## SEVENTH AFFIRMATIVE DEFENSE
### (Equitable Indemnity)

96.     If Plaintiffs sustained any damages, whether as alleged in the Complaint or otherwise, which Harmon specifically and expressly denies, then in that event, Harmon is entitled to indemnity from other parties to the extent that such parties caused or contributed to Plaintiffs' alleged damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE
### (Knowledge, Acquiescence, Ratification)

97.     The Complaint, and each and every claim alleged therein, is barred because the alleged wrongful conduct was committed with Plaintiffs' knowledge, acquiescence, and/or ratification.

## NINTH AFFIRMATIVE DEFENSE
### (Additional Defenses)

98.     Harmon hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case and hereby reserves its right to amend this answer to assert any such defenses.

## THIRD PARTY COMPLAINT

99.     Harmon, by and through it its undersigned counsel, for its Third Party Complaint against Third Party Defendants Robell Group, LLC ("Robell"), D.L.R. Distribution, Inc. ("DLR") and Pro Hair Sales, Inc. ("Pro Hair") (collectively, the "Third Party Defendants") alleges, on knowledge as to its own acts and otherwise on information and belief, as follows:

100.    Upon information and belief, Robell is a limited liability company with its principal place of business at 2 Commerce Road, Fairfield, New Jersey.  Upon information and belief, Robell is a wholesaler of (among other things) hair care products.

101.    Upon information and belief, DLR is a corporation with its principal place of business at 824 East View Drive, Delray Beach, Florida.  Upon information and belief, DLR is a wholesaler of (among other things) hair care products.

102.    Upon information and belief, Pro Hair is a corporation organized and existing under the laws of New York, having a principal place of business at 1465 Broadway, Hewlett,

New York.  Upon information and belief, Pro Hair is a wholesaler of (among other things) hair care products.

103.    This Court has jurisdiction over this third party complaint pursuant to 28 U.S.C. § 1331 and § 1367.

104.    Venue is proper within this judicial district under 28 U.S.C. § 1391.

## Background Facts

105.    The Third Party Defendants supplied to Harmon the Moroccanoil Oil Treatment products sold by Harmon.

106.    Beginning in or about November 2009, pursuant to Harmon's standard terms and conditions, which were accepted by Robell, Robell agreed to provide Harmon with genuine, authorized Moroccanoil products.

107.    Beginning in or about August 2009, pursuant to Harmon's standard terms and conditions, which were accepted by DLR, DLR agreed to provide Harmon with genuine, authorized Moroccanoil products.

108.    Beginning in or about January 2010, pursuant to Harmon's standard terms and conditions, which were accepted by Pro Hair, Pro Hair agreed to provide Harmon with genuine, authorized Moroccanoil products.

109.    If Plaintiff's allegations in this action are correct, the Third Party Defendants violated the standard terms and conditions, and caused injury to Harmon.

110.    As a result of the Third Party Defendants' conduct complained of herein, Harmon has suffered and will continue to suffer irreparable injury to its goodwill and business reputation.

111.    As a result of the Third Party Defendants' conduct complained of herein, Harmon has been financially damaged and will continue to be damaged financially.

## COUNT I
### (Federal False Description and False Designation of Origin In Commerce)

112.    Harmon repeats and realleges the allegations of all of the preceding paragraphs as though fully set forth herein.

113.    Assuming the allegations of the Complaint to be true, then the Third Party Defendants, in connection with the alleged counterfeit products, used in commerce a word, term, name, symbol or device, or any combination thereof, or a false designation of origin, false or misleading description of fact or false or misleading representation of fact, which was likely to cause confusion or to cause mistake, or to deceive as to the approval of the goods at issue by their original manufacturer.  Such conduct constitutes a violation of 15 U.S.C. § 1125(a)(1)(A).

114.    Harmon has been and continues to be damaged by the Third Party Defendants' above-stated alleged activities and conduct.

## COUNT II
### (Federal False Advertising)

115.    Harmon repeats and realleges the allegations of all of the preceding paragraphs as though fully set forth herein.

116.    Assuming the allegations of the Complaint to be true, then the Third Party Defendants, in connection with the sale of the alleged counterfeit products, used a word, term, name, symbol, or device or any combination thereof, or a false designation of origin, false or misleading description of fact or false or misleading representation of fact, which in commercial advertising or promotion, misrepresented the nature, characteristics, qualities or geographic origin of the alleged counterfeit products.  Such conduct constitutes a violation of 15 U.S.C. § 1125(a)(1)(B).

117.    Harmon has been and continues to be damaged by the Third Party Defendants' above-stated alleged activities and conduct.

## Count III
(Indemnity)

118.    Harmon repeats and realleges each and every allegation of the foregoing paragraphs as if fully set forth herein.

119.    The damages alleged by Plaintiff in the Complaint, if any occurred, were caused by the Third Party Defendants' provision of unauthorized, counterfeit or otherwise infringing Moroccanoil products.

120.    Harmon's liability, if any, for Plaintiff's alleged damages arises, not as a result of any actual fault on the part of Harmon but solely by operation of law, arising from the Third Party Defendants' breaches of the standard terms and conditions with Harmon, breaches of implied warranties of non-infringement, merchantability and good faith and fair dealing, negligent misrepresentation, fraudulent inducement and/or other wrongful conduct by the Third Party Defendants.

121.    By reason of the foregoing, Harmon is entitled to indemnity from the Third Party Defendants for any and all damages Harmon is required to pay to Plaintiff, the costs incurred by Harmon in connection with any injunctive relief granted against it, and for Harmon's attorneys' fees and costs expended as a result of the actions of the Third Party Defendants.

## Count IV
(Breach of Contract)

122.    Harmon repeats and realleges each and every allegation of the foregoing paragraphs as if fully set forth herein.

123.   The Third Party Defendants' sales to Harmon were pursuant to standard terms and conditions to provide Harmon with genuine, authorized Moroccanoil products.

124.   Harmon fully performed its material obligations in a timely fashion, to the extent not excused.

125.   By failing to provide Harmon with genuine, authorized Moroccanoil products, the Third Party Defendants breached the standard terms and conditions.

126.   Harmon has been and continues to be damaged by the Third Party Defendants' failure to provide Harmon with genuine, authorized Moroccanoil products.

127.   By reason of the foregoing, Harmon is entitled to damages in an amount to be determined at trial.  Harmon demands judgment against the Third Party Defendants for compensatory, incidental and other damages, together with applicable interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

### Count V
(Breach of Implied Warranty of Non-Infringement)

128.   Harmon repeats and realleges each and every allegation of the foregoing paragraphs as if fully set forth herein.

129.   To the extent that the Moroccanoil products sold by the Third Party Defendants to Harmon are found to infringe the rights of Plaintiff, the Third Party Defendants breached the implied warranty of non-infringement in the standard terms and conditions.

130.   By reason of the foregoing, Harmon is entitled to damages in an amount to be determined at trial.  Harmon demands judgment against the Third Party Defendants for compensatory, incidental and other damages, together with applicable interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

### Count VI
(Breach of Implied Warranty of Merchantability)

131.    Harmon repeats and realleges each and every allegation of the foregoing paragraphs as if fully set forth herein.

132.    To the extent that the Moroccanoil products sold by the Third Party Defendants to Harmon are found to infringe the rights of Plaintiff, the Moroccanoil products are not fit for the ordinary purpose for which such goods are used.

133.    To the extent that the Moroccanoil products sold by the Third Party Defendants to Harmon are found to infringe the rights of Plaintiff, the Moroccanoil products fail to satisfy the implied warranty of merchantability in the standard terms and conditions.

134.    As a direct and proximate result of the Third Party Defendants' breach of the Implied Warranty of Merchantability, Harmon has been damaged in an amount to be determined at trial.  Harmon demands judgment against the Third Party Defendants for compensatory, incidental and other damages, together with applicable interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

### Count VII
(Breach of The Implied Covenant of Good Faith And Fair Dealing)

135.    Harmon repeats and realleges each and every allegation of the foregoing paragraphs as if fully set forth herein.

136.    The Third Party Defendants owed Harmon a duty to deal fairly and in good faith, including, but not limited to, a duty to refrain from providing anything other than authorized genuine goods to Harmon, and a duty to indemnify Harmon against any claim that the Moroccanoil products sold to Harmon were anything other than authorized and genuine.

137.    To the extent Harmon is liable to Plaintiff, such liabilities arise from the Third Party Defendants' breach of its duties of good faith and fair dealing by, among other things,

selling Harmon unauthorized, counterfeit or otherwise infringing Moroccanoil products, by failing to indemnify Harmon in this action, and by defrauding and deceiving Harmon regarding the Moroccanoil products sold to Harmon.

138.    The Third Party Defendants' actions have caused Harmon to suffer damage in an amount to be determined at trial.  Harmon demands judgment against the Third Party Defendants for compensatory and incidental damages, together with applicable interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

**Count VIII**
(Unjust Enrichment)

139.    Harmon repeats and realleges each and every allegation of the foregoing paragraphs as if fully set forth herein.

140.    The Third Party Defendants benefited at Harmon's expense, and equity and good conscience require restitution in an amount to be determined at trial.  Harmon demands judgment against the Third Party Defendants for restitution, together with applicable interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

**Count IX**
(Negligent Misrepresentation)

141.    Harmon repeats and realleges each and every allegation of the foregoing paragraphs as if fully set forth herein.

142.    The Third Party Defendants possessed unique knowledge regarding whether the Moroccanoil products sold to Harmon were authorized, genuine and non-infringing, which put them into a special position of confidence and trust with Harmon.

143.    The Third Party Defendants had a duty to give correct information to Harmon regarding whether the Moroccanoil products sold to Harmon were authorized, genuine and non-infringing in light of the special relationship between and among the parties.

144.    The Third Party Defendants knew or reasonably should have known that if the information they relayed to Harmon regarding the authenticity or genuineness of the Moroccanoil products was false or erroneous Harmon would be injured.

145.    To the extent that the Moroccanoil products sold by the Third Party Defendants to Harmon are found to infringe the rights of Plaintiff, the Third Party Defendants made representations to Harmon that the Moroccanoil products sold to Harmon were authorized, genuine and non-infringing that they knew or should have known were incorrect.

146.    The Third Party Defendants knew that Harmon desired to know whether the Moroccanoil products sold to Harmon were authorized and genuine, because they knew Harmon intended to resell the Moroccanoil products as authorized, genuine and non-infringing goods.

147.    Harmon intended to rely on the representations of the Third Party Defendants that the Moroccanoil products sold to Harmon were authorized, genuine and non-infringing.

148.    Harmon did rely on the representations of the Third Party Defendants that the Moroccanoil products sold to Harmon were authorized, genuine and non-infringing.

149.    To the extent that the Moroccanoil products sold by the third Party Defendants to Harmon are found to infringe the rights of Plaintiff, as a result of Harmon's reliance on the representations of the Third Party Defendants to the contrary, Harmon has incurred damages in an amount to be determined at trial.  Harmon demands judgment against the Third Party Defendants for compensatory, incidental and punitive damages, together with applicable interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

### Count X
(Fraudulent Inducement)

150.    Harmon repeats and realleges each and every allegation of the foregoing paragraphs as if fully set forth herein.

151.    To the extent that the Moroccanoil products sold by the Third Party Defendants to Harmon are found to infringe the rights of Plaintiff, the representations made by the Third Party Defendants to Harmon that the Moroccanoil products sold to Harmon were authorized, genuine and non-infringing were material and false.

152.    The Third Party Defendants knew or should have known that these representations were false at the time they were made.

153.    The Third Party Defendants knew that Harmon would rely upon these false representations in entering into transactions for the purchase of the Moroccanoil products from the Third Party Defendants.

154.    Harmon did rely on the false representations of the Third Party Defendants in determining to purchase the Moroccanoil products from the Third Party Defendants.  But for the false representations of the Third Party Defendants, Harmon would not have entered into the transactions to purchase the Moroccanoil products from the Third Party Defendants.

155.    Harmon has been damaged as a result of the false representations of the Third Party Defendants in an amount to be determined at trial.  Harmon demands judgment against the Third Party Defendants for compensatory, incidental and punitive damages, together with applicable interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

WHEREFORE, Harmon demands judgment: (i) against plaintiff dismissing the Complaint as against it with prejudice in its entirety, with Plaintiff taking nothing of Harmon by this Complaint and awarding Harmon its fees and costs; and (ii) awarding Harmon compensation for any and all damages, injury or harm incurred as a result of the Third Party Defendants' conduct, including costs and reasonable attorneys' fees, as well as damages in an amount to be

ascertained at trial, on its third-party claims, (iii) for such other and further relief in favor of

Harmon as to this Court seems just and proper.

Dated: New York, New York
      January 28, 2011

 

Andre K. Cizmarik
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Harmon Stores, Inc.
750 Lexington Avenue
New York, NY 10022
Tel.:  (212) 308-4411
Fax:  (212) 308-4844